UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 24-cr-05190-BHS |
| Plaintiff, | ORDER |
| v. | |
| PEDRO SANCHEZ-PEREZ, | |
| Defendant. | |

THIS MATTER is before the Court on defendant Pedro Sanchez-Perez's motion to dismiss counts two and three of his indictment under the Second Amendment, Dkt. 51.

Sanchez-Perez is charged with Reentry of Removed Alien in violation of 18 U.S.C. § 1326(a) (count one), as well as Unlawful Possession of a Firearm and Ammunition in a Vehicle (count two) and Unlawful Possession of Ammunition on his person (count three) in violation of 18 U.S.C. § 922(g)(1). Dkt. 33. Counts two and three are predicated on two prior felony convictions. *Id.*; Dkt. 51.

Sanchez-Perez moves to dismiss counts two and three, arguing that § 922(g)(1) violates his Second Amendment rights to armed self-defense. *Id.* at 2. He cites for support the Supreme Court's decision in *New York State Rifle & Pistol Ass'n, Inc. v.*

ORDER - 1

*Bruen*, 597 U.S. 1 (2022), though he acknowledges the Ninth Circuit's rejection of his very argument in *United States v. Duarte*, 137 F.4th 743 (9th Cir. 2025). *Id.* Sanchez-Perez asserts the purpose of his motion is to preserve the issue for future appeal. *Id.* at 9; Dkt. 72.

The Supreme Court expanded the protections of the Second Amendment in *Bruen*, holding that "when the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct." 597 U.S. at 17. The government must justify its regulation of firearms as "consistent with the Nation's historical tradition." *Id.*

In *Duarte*, the Ninth Circuit held *Bruen* did not render § 922(g)(1), which prohibits those convicted of a felony to possess any firearm or ammunition, unconstitutional. 137 F.4th at 747. It analyzed historical felony punishments and legislative efforts to "permanently disarm those who committed the most serious crimes" to conclude that § 922(g)(1) fits within the Nation's historical tradition of firearm regulations. *Id.* at 755–761.

In the Ninth Circuit, § 922(g)(1) remains constitutional as applied to non-violent felons. *Id.* at 762.

Sanchez-Perez's motion is **DENIED**.

**It is so ORDERED.**

//

//

//

ORDER - 2

1 | Dated this 13th day of August, 2025

BENJAMIN H. SETTLE
United States District Judge

ORDER - 3