UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>PEDRO SANCHEZ-PEREZ,<br><br>　　　　　Defendant. | CASE NO. 24-cr-05190-BHS<br><br>ORDER |

　　　　THIS MATTER is before the Court on defendant Sanchez-Perez's motion to compel discovery, Dkt. 46.

　　　　Sanchez-Perez is charged with Reentry of Removed Alien in violation of 18 U.S.C. § 1326(a) (count one), as well as Unlawful Possession of a Firearm and Ammunition in a Vehicle (count two) and Unlawful Possession of Ammunition on his person (count three) in violation of 18 U.S.C. § 922(g)(1). Dkt. 33. Counts two and three are predicated on two prior felony convictions. *Id.*; Dkt. 51.

　　　　Sanchez-Perez moves to compel discovery. Dkt. 46. He asks that his defense counsel and defense investigator be allowed to "to view and inspect [his] physical A-file, which includes his immigration history and records maintained by the Department of

ORDER - 1

Homeland Security. *Id.* at 6. He argues Rule 16 permits defense counsel to physically inspect the file because the Government will likely use the A-file in its case-in-chief on the § 1326 charge, and the file's physical condition, such as whether it is poorly organized or missing content, is material to his defense. *Id.* at 9–10. He asserts the Government's first production of the electronic version of his A-file was incomplete and included erroneous information about someone else. *Id.* The Government later sent another electronic version of the file that purportedly corrected these issues. *Id.* at 10.

The Government opposes the request, arguing that Sanchez-Perez is not entitled to the physical A-file because he has already been provided with the electronic copy. Dkt. 64 at 2–3. It concedes the first A-file it produced had "a copying error" and missing documents, though it claims these errors were "unintentional and immediately remedied." *Id.* at 3.

Sanchez-Perez also asks the Government to produce "the remainder of the Field Operations Worksheet" used by Immigration Customs Enforcement (ICE) to track and compile information about him before his arrest. Dkt. 46 at 6. The remainder of the worksheet allegedly "contains the identifying information and alleged record" that formed the "basis for suspicion that he was subject to an immigration arrest as well as guidance about how agents should conduct the arrest," all of which, he argues, is material to his case. *Id.* at 11. He proposes a protective order to mitigate the Government's concern about any sensitive information in the worksheet. *Id.*

The Government responds that the remainder of the worksheet contains "law enforcement sensitive information" that would "compromise the ability of the ICE to

conduct future enforcement actions against criminal aliens." Dkt. 64 at 3–5. It contends to the extent the worksheet is material to the case, it has already provided that information to Sanchez-Perez. *Id.* at 4–5.

Sanchez-Perez initially also sought the disclosure of databases that immigration officers used to issue his administrative arrest warrant, which the Government has since produced. Dkt. 46 at 6; Dkt. 64 at 6; Dkt. 71 at 1.

Rule 16 requires the Government to permit the defendant to "inspect and to copy" items "material to preparing the defense" or the Government "intends to use . . . in its case-in-chief at trial." Fed. R. Crim. P. 16(a)(1)(E). "Materiality is a low threshold; it is satisfied so long as the 'information . . . would have helped' . . . prepare a defense." *United States v. Hernandez-Meza*, 720 F.2d 760, 768 (9th Cir. 2013). The Government even acknowledges its case-in-chief involves the A-file but insists "copies of those documents will suffice." Dkt. 64 at 3. The A-file is undoubtedly material to Sanchez-Perez's case. In view of the many irregularities in the originally produced electronic records, the Court agrees that the Government should be required to produce the physical A-file as well.

As for the remainder of the Field Operations Worksheet, the Court is persuaded that a protective order would mitigate the Government's concerns about the disclosure of any sensitive law enforcement material. The Government's response, Dkt. 64, does not argue otherwise.

1     Sanchez-Perez's motion to compel discovery is **GRANTED**. The Government

2 shall produce his physical A-file. The Government shall also produce the remainder of

3 the Field Operations Worksheet pursuant to an agreed protective order. If the parties do

4 not agree on the content of the protective order, Sanchez-Perez may file a motion with a

5 proposed order.

6     **IT IS SO ORDERED**.

7     Dated 18th day of August, 2025.

*[Signature]*

BENJAMIN H. SETTLE
United States District Judge